NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FALLBROOK HOSPITAL CORPORATION, DBA Fallbrook Hospital,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE (CNA/NNOC) AFL-CIO,<br><br>Defendant-Appellee. | No.   14-56177<br><br>D.C. No. 3:13-cv-01233-GPC-JLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted June 9, 2016[**]
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges and RESTANI,[***] Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Fallbrook Hospital Corporation ("Fallbrook") appeals the district court's dismissal of its Third Amended Complaint ("TAC") against the California Nurses Association/National Nurses Organizing Committee ("CNA"). The TAC alleged that CNA breached an implied agreement to arbitrate all disputes with Fallbrook and to bargain in good faith. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court judgment.

1. Fallbrook's allegations in support of its contention that the parties entered into an implied agreement to arbitrate all disputes are either conclusory, implausible, or inconsistent with an implied arbitration agreement. *See Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 51 Cal. Rptr. 2d 622, 628 (Cal. Ct. App. 1996) ("[I]t is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.").

2. The arbitration claim also fails because it is premised on the contention that CNA breached an alleged implied contract for mandatory, binding arbitration by successfully pursuing a claim against Fallbrook before the National Labor Relations Board ("NLRB"). *See Fallbrook Hosp. Corp. v. NLRB*, 785 F.3d 729, 732 (D.C. Cir. 2015) (upholding relief to CNA for Fallbrook's refusal to bargain in good faith). Under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a), 160, CNA had the right to seek relief from the NLRB. *See Nash v. Fla.*

2

*Indus. Comm'n*, 389 U.S. 235, 238 & n.3 (1967). Any waiver of a right granted by the NLRA must be "clear and unmistakable." *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 708 (1983); *see also Local Joint Exec. Bd. of Las Vegas v. NLRB*, 540 F.3d 1072, 1079 & n.10 (9th Cir. 2008) ("[T]he Board requires the matter at issue to have been fully discussed and consciously explored during negotiations and the union to have consciously yielded or clearly and mistakably waived its interest in the matter.") (internal quotation marks omitted).[1] The TAC does not allege such a waiver.

3.      Fallbrook's opening brief does not address its claim that CNA breached an agreement to negotiate in good faith. That argument is therefore waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

---

[1] We assume for purposes of this disposition that the right to pursue a claim before the NLRB is waivable. *But see Hosp. of Barstow, Inc. v. Cal. Nurses Ass'n*, No. 13-cv-1063, 2013 WL 6095559, *6-8 (C.D. Cal. Nov. 18, 2013).